No. 1437.—MOSES MARX, Appellant, v. J. J. WHEELIS, Appellee.

By the statute law of Mississippi, all obligations, or notes or drafts for money, whether payable to order or not, are assignable by simple endorsement. Revised Code of Mississippi, page 355.

Where the evidence shows that the drawer of a draft payable at a future day has notified the drawees not to pay it, he is not entitled to notice of dishonor.

One party cannot hold another liable individually, on a contract made with him as agent.

The transferree of drafts not negotiable occupies no better position than the original holder.

APPEAL from Fifth District Court, Parish of Orleans. *Leaumont, J.* *Bonner, Goode & Dillingham,* for appellant. *Sheldon & Pardee,* for appellee.

WYLY, J. Plaintiff has instituted this suit against the defendant to recover the amount of two drafts or orders drawn by him on Levy & Dieter, which were not accepted. The drafts were not made payable to order or bearer, but to B. B. Fore, who transferred them to plaintiff by his endorsement in blank.

Defendant excepted to plaintiff's action, because the drafts, not being negotiable, could not be proceeded on in the name of plaintiff, because the petition does not show that the bills were duly presented to the drawees, were dishonored, and notice of dishonor served upon him. Without waiving the benefit of his exception, the defendant answered, averring that in October, 1865, as agent for the drawees, Levy & Dieter, he purchased from the payee of the bills, B. B. Fore, in the State of Mississippi, a plantation and personal property thereon for $12,000, paying in cash $7333 54; and for the balance drawing the time drafts sued on; also averring that at the time he purchased said plantation from said Fore, that one Allen B. C. Patrick, of Copiah county, Mississippi, held a vendor's lien and privilege on said lands, to secure the payment of a note made by said Fore for $3780, and that said Fore promised to pay off and extinguish this lien and privilege held by said Patrick, so as to give the purchasers, Levy & Dieter, a full and unincumbered title to said plantation; also averring that when the drafts were given it was understood and agreed between the defendant and said Fore that they were not to be presented and paid until said vendor's lien in favor of Patrick was paid or extinguished by said Fore, and that he the "defendant immediately notified the said Levy & Dieter of the condition upon which said drafts were given, and said vendor's lien still existing upon said lands in favor of said Patrick; when the said drafts upon their face became due they were not accepted and paid by

said Levy & Dieter." Defendant also averred that the said lien still exists on said lands, and it is for a sum exceeding the aggregate amounts of said drafts, and that said Patrick is proceeding by bill in chancery in the Circuit Court of Mississippi, to enforce the same.

On the trial there was judgment in favor of the defendant, dismissing this suit, and plaintiff has appealed.

The exception was not well taken; the endorsement by the payee to plaintiff was made in Mississippi, where the drafts were drawn, and the statutes of that State offered in evidence show that all obligations or notes, whether payable to order or not, may be assigned by simple endorsement. (See Revised Code of Mississippi, page 355.)

The second ground of exception is also untenable. The defendant in his answer admits that he notified the drawees, Levy & Dieter, for whom he purchased the property, of the conditions upon which the drafts were drawn, of the prior lien existing in favor of Patrick, and that when the drafts became due they were not accepted and paid. Under the circumstances the drawer was not entitled to notice of dishonor; he knew the drafts would not be paid; he had virtually notified the drawees not to pay them.

The defense on the merits seems to be more effectual.

The drafts not being negotiable, are liable, in the hands of the plaintiff, to any defense which the drawer might have against them if in the hands of the original payee. Plaintiff, the transferee of the instruments sued on, occupies no better position than B. B. Fore, the payee; and the defendant can set up failure of consideration, or any other defense he may have.

The payee, B. B. Fore, testifies that "there is a suit pending in Copiah county instituted by said Patrick against said lands, to enforce a vendor's lien, and I have failed to pay or extinguish the same."

F. Surgis, who acted as attorney for the parties and drew the drafts in this suit, testifies that "it was agreed between the parties that the drafts were to be accepted on presentation, and paid when due. That B. B. Fore was to arrange and settle the difficulty as to vendor's lien with Patrick prior to the maturity of the drafts, as stated in my direct examination."

After the purchase of the property, and after the drafts had been drawn, the defendant wrote to the witness, Surgis, stating that he thought it best to get an indemnifying bond against the Patrick lien. Surgis testifies that he "read the note to Fore, who said it was useless to give a bond, as he had friends attempting to settle the matter with Patrick, and he, Fore, thought they would do so long before the drafts would fall due."

The evidence is sufficient to satisfy us that the payee, Fore, promised the defendant, when he sold him the property, that he would pay off or extinguish the outstanding vendor's lien held by Patrick bearing on the land.

We are satisfied from the evidence that the drafts were given to Fore with the understanding that he was to settle this lien prior to the maturity of the drafts, and he has failed to comply with this important condition. Having failed to comply with the agreement, Fore could not recover from the defendant the amount of the drafts. Plaintiff, the transferee of those instruments which are not negotiable, occupies no better position, and he cannot recover thereon.

The evidence furthermore shows that Fore contracted with defendant as agent for Levy & Dieter; the contract which they signed showed that Levy & Dieter were purchasing the property through their agent, who drew the drafts filed in this suit on his principals in payment for the property bought for them, and that Fore must have been aware thereof. Having dealt with the defendant as agent, we do not see how the payee could have held him liable individually. The credit must have been given to the drawees, **Levy & Dieter.** 3 M. 644; 10 L. 390.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.